RECEIVED
USDC CLERK, COLUMBIA, SC
2026 OCT 13 PM 1:56

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rickii Alexander,<br>**Plaintiff.** | **Case No:** 3:26-cv-04815-MGL-MHC |
| | **JURY TRIAL DEMAND** |
| v. | |
| Navy Federal Credit Union<br>TRANSUNION LLC.,<br>**Defendants.** | |

**COMPLAINT**

## PRELIMINARY STATEMENT

1. This civil action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and concerns Defendants' reporting and continued verification of inaccurate, misleading, and incomplete information appearing on Plaintiff's consumer credit reports. Despite receiving notice of Plaintiff's disputes, Defendants failed to comply with the duties imposed upon them by the FCRA.

2. After reviewing her consumer credit reports and identifying numerous inaccuracies and omissions relating to the account at issue, Plaintiff disputed the reporting through the consumer reporting agencies. Upon information and belief, Defendant Trans Union LLC, Equifax, and Experian transmitted Plaintiff's disputes, together with the relevant dispute information, to Defendant Navy Federal Credit Union. Upon receiving those dispute notifications, Defendants were required to conduct reasonable investigations, review all relevant information, correct or delete inaccurate or incomplete information, and accurately report the results of their investigations. Defendants failed to fulfill those statutory obligations.

3. Congress enacted the Fair Credit Reporting Act to protect consumers by promoting fairness, accuracy, and privacy in the collection, maintenance, and dissemination of

consumer credit information. The statute requires consumer reporting agencies to implement and maintain reasonable procedures to assure the maximum possible accuracy of the information they report. See 15 U.S.C. § 1681(b).

4. In enacting the FCRA, Congress recognized that consumer reporting agencies perform a vital role in the nation's banking and credit systems and therefore must carry out their responsibilities with fairness, impartiality, and due regard for consumers' rights. The United States Supreme Court has likewise acknowledged that one of the principal purposes of the FCRA is to protect consumers from the harmful consequences of inaccurate credit reporting.

5. Consumer reporting agencies, including Defendant TransUnion LLC, are prohibited from reporting information that is inaccurate, materially misleading, incomplete, or incapable of verification. When a consumer disputes such information, the FCRA requires the consumer reporting agency to conduct a reasonable reinvestigation and to delete or modify information that is determined to be inaccurate, incomplete, or unverifiable.

6. The FCRA likewise imposes duties upon furnishers of information, such as Defendant Navy Federal Credit Union. Upon receiving notice of a consumer dispute from a consumer reporting agency, a furnisher must conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, report the results of its investigation, and, where appropriate, correct, modify, delete, or permanently block the reporting of information that is inaccurate, incomplete, or cannot be verified.

**JURISDICTION AND VENUE**

7. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

9. Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in this District, and Defendants conduct business in this District.

**PARTIES**

10. Plaintiff Rickii Alexander ("Plaintiff") is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c). Plaintiff resides at 840 Sparkleberry Lane, Apartment 1714, Columbia, South Carolina 29229. At all times relevant hereto, Plaintiff was the subject of consumer reports prepared, maintained, furnished, and disseminated by Defendants.

11. Defendant Trans Union LLC ("Trans Union LLC") is a Delaware limited liability company authorized to conduct business in the State of South Carolina. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), regularly engaging in the business of assembling, evaluating, maintaining, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties. At all times relevant hereto, Trans Union prepared, maintained, and furnished consumer reports concerning Plaintiff.

12. Defendant Navy Federal Credit Union ("Navy Federal") is a federally chartered credit union authorized to conduct business in the State of South Carolina. At all times relevant hereto, Navy Federal regularly furnished information relating to Plaintiff's consumer credit account(s) to one or more consumer reporting agencies, including Trans Union, and is a person that furnishes information to consumer reporting agencies within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

**FACTS**

13. On or about August 4, 2019, Plaintiff incurred an alleged financial obligation with Defendant arising from a credit card account in the amount of $22,852. The account was incurred through a transaction in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes, and therefore constituted a consumer credit transaction.

14. On or about May 2026, after being denied credit to purchase a wedding ring for Plaintiff's husband, Plaintiff obtained and reviewed her consumer credit reports from Equifax,

Experian, and Defendant TransUnion LLC. Upon review, Plaintiff discovered that the reports contained inaccurate, misleading, and incomplete information concerning the account at issue.

15. Specifically, Defendant Navy Federal Credit Union reported to Defendant Trans Union LLC in the Account Information section that Plaintiff's last payment was made on April 1, 2024. However, in the corresponding Payment Amount field, Defendant Navy Federal Credit Union reported that the amount of the last payment was $0.00, when, in fact, Plaintiff made a payment in the amount of $934.00 on or about April 1, 2024.

16. Defendant Navy Federal Credit Union further reported to Defendant TransUnion LLC that the account has an estimated removal date of April 2030. However, Defendant Navy Federal Credit Union failed to report the account's First Date of Delinquency.

17. Additionally, Defendant Navy Federal Credit Union reported the account to Experian with an estimated removal date of January 2030, while reporting an estimated removal date of April 2030 to Defendant TransUnion LLC. **(See Exhibits 1 & 3)**

18. The First Date of Delinquency is the date used to determine the period during which certain adverse information may remain on a consumer report. By reporting an estimated removal date without reporting the underlying First Date of Delinquency, Defendant Navy Federal Credit Union furnished incomplete and misleading information concerning Plaintiff's account.

19. Defendant Navy Federal Credit Union reported Plaintiff's account to Defendant Trans Union LLC with an incomplete payment history. Specifically, from September 2019 through October 2023, Defendant Navy Federal Credit Union failed to report the scheduled payment amounts, account balances, past due amounts, and amounts paid for each monthly reporting period, resulting in incomplete information being furnished concerning Plaintiff's account. **(See Exhibit 1)**

20. Defendant Navy Federal Credit Union reported Plaintiff's account to Defendant Trans Union LLC as 30 days past due for July 2020. However, Defendant Navy Federal Credit Union failed to report the corresponding account balance, past due amount, and amount

paid for that reporting period, rendering the reported delinquency incomplete and misleading.

21. Additionally, Defendant Navy Federal Credit Union reported the account to Defendant Trans Union LLC as 30 days past due in May 2023, 60 days past due in June 2023, 90 days past due in July 2023, and 120 days past due in August 2023. For each of these reporting periods, Defendant Navy Federal Credit Union failed to report the corresponding account balances, past due amounts, amounts paid, or any remarks explaining or clarifying the reported delinquency status. As a result, Defendant Navy Federal Credit Union furnished incomplete and misleading information concerning Plaintiff's account to Defendant Trans Union LLC. **(See Exhibit 1)**

22. Defendant Navy Federal Credit Union also furnished incomplete information concerning Plaintiff's account to Equifax. Specifically, Defendant failed to report the account's date closed, the actual amount of Plaintiff's last payment, the scheduled payment amount, the date of last activity, the term duration, and the account terms. Although Defendant reported the date of Plaintiff's last payment, it failed to report the actual amount of that payment, resulting in incomplete information concerning Plaintiff's payment history. **(See Exhibit 2)**

23. Additionally, Defendant Navy Federal Credit Union reported the account terms to Defendant Trans Union LLC, indicating that the account was payable on a monthly basis. However, Defendant omitted the account terms entirely from its reporting to Equifax. As a result, Defendant furnished materially different information concerning the same account to different consumer reporting agencies.

24. Further, Defendant Navy Federal Credit Union failed to report the scheduled payment amount, term duration, and date of last activity to Equifax, despite reporting account terms to Defendant Trans Union LLC. These omissions rendered Defendant's reporting to Equifax incomplete and inconsistent with its reporting to Defendant Trans Union LLC. **(See Exhibit 2)**

25. Defendant Navy Federal Credit Union also failed to furnish the accurate closed date to Equifax; the account closed Jun 19, 2023; however, Defendant reported no data.

26. Defendant Navy Federal Credit Union also furnished incomplete information concerning Plaintiff's account to Experian. Specifically, Defendant failed to report the account terms, the scheduled monthly payment, the recent payment, and the amount of the recent payment. **(See Exhibit 3)**

27. Defendant Navy Federal Credit Union also furnished inaccurate information concerning Plaintiff's account to Experian. Specifically, Defendant reported in the payment history section that Plaintiff's last payment was made on July 25, 2023. In fact, Plaintiff's last payment was made on April 1, 2024.

28. Defendant Navy Federal Credit Union also reported inconsistent account information to Equifax by reporting the last payment date but failed to report the last payment amount.

29. Following Plaintiff's disputes, Defendant Navy Federal Credit Union failed to report the account as disputed to Defendant TransUnion LLC and Equifax. Specifically, the comments or remarks section of Plaintiff's consumer reports contained no notation indicating that the account was disputed. Despite receiving notice of Plaintiff's disputes, Defendant continued to furnish information concerning the account without including a dispute notation, resulting in incomplete and misleading information being furnished to Defendant Trans Union LLC and Equifax. **(See Exhibits 1 & 2)**

30. On or about May 2026 and June 2026, Plaintiff submitted written disputes regarding the inaccurate, misleading, and incomplete information appearing on her consumer credit reports through the consumer reporting agencies. Specifically, Plaintiff submitted a dispute to Equifax in May 2026 and submitted disputes to Trans Union and Experian in June 2026.

31. When a consumer, such as Plaintiff, discovers inaccurate or incomplete information appearing on a consumer report or consumer disclosure, the consumer has the right under the Fair Credit Reporting Act to dispute that information with the consumer reporting agency that is reporting it, including Defendant TransUnion LLC.

32. A consumer may submit a dispute to Equifax, Experian, and Defendant TransUnion LLC by telephone, online, facsimile, or mail and request that Defendant TransUnion LLC

conduct a reasonable reinvestigation so that any inaccurate or incomplete information is corrected or deleted as required by the Fair Credit Reporting Act.

33. Defendants Trans Union LLC and Navy Federal Credit Union are not permitted to report, publish, maintain, or furnish inaccurate or incomplete information concerning Plaintiff.

34. On or about May 24, 2026, and June 18, 2026, Plaintiff received the results of the consumer reporting agencies' reinvestigations from Defendant TransUnion LLC, Equifax, and Experian. Despite Plaintiff's disputes and the information provided in support thereof, the disputed information was verified and continued to be reported without being corrected or deleted.

35. Upon information and belief, Defendants Trans Union LLC, Equifax, and Experian transmitted Automated Consumer Dispute Verification ("ACDV") forms, or their electronic equivalent, to Defendant Navy Federal Credit Union concerning Plaintiff's disputes within the timeframes prescribed by the Fair Credit Reporting Act. Receipt of those dispute notifications triggered Defendant Navy Federal Credit Union's duties under 15 U.S.C. § 1681s-2(b), including the duty to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, report the results of the investigation to the consumer reporting agencies, and modify, delete, or permanently block the reporting of any information found to be inaccurate or incomplete.

36. Defendant Navy Federal Credit Union did not compare the disputed information to the underlying account and payment records.

37. Defendant Navy Federal Credit Union responded "verified" by matching the ACDV to its own previously reported information.

38. Upon information and belief, Defendant Navy Federal Credit Union's verification consisted of comparing the information contained in the ACDV with the information maintained in its own internal systems.

39. Defendant TransUnion LLC's investigation did not include any inquiry outside of its own internal records.

40. Upon information and belief, Defendant Navy Federal Credit Union's investigation did not include meaningful human review of the disputed information. It failed to conduct a reasonable investigation reasonably calculated to determine whether the disputed information was accurate.

41. Defendant Navy Federal Credit Union did not identify or correct the inaccurate or incomplete information in its ACDV responses.

42. Defendant Navy Federal Credit Union did not report the account as disputed in its ACDV responses to Defendants TransUnion and Equifax.

43. Defendant Navy Federal Credit Union verified the disputed information without qualification.

44. After receiving notice of Plaintiff's disputes, Defendant Navy Federal Credit Union continued furnishing monthly updates that omitted the required dispute notation to Equifax and Defendant TransUnion.

45. After receiving notice of Plaintiff's disputes, Defendant Navy Federal Credit Union continued furnishing information that it knew or should have known was inaccurate and incomplete.

46. Defendant Navy Federal Credit Union did not transmit corrections concerning the disputed information to the other consumer reporting agencies after receiving the ACDVs.

47. Defendant Navy Federal Credit Union did not request that the disputed information be deleted from the consumer reporting agencies after receiving the ACDVs.

48. The errors relating to Plaintiff's account were clearly identified and explained in Plaintiff's disputes to Defendant TransUnion LLC and Defendant Navy Federal Credit Union.

49. Defendant TransUnion LLC and Defendant Navy Federal Credit Union comprehended and understood the disputed errors.

50. Defendant Trans Union LLC and Defendant Navy Federal Credit Union willfully failed to conduct a reasonable reinvestigation of Plaintiff's disputes as required by the Fair Credit Reporting Act.

51. Had either Defendant TransUnion LLC and/or Defendant Navy Federal Credit Union conducted a reasonable investigation, the inaccurate and incomplete information concerning Plaintiff's account would likely have been corrected or deleted.

52. Had Defendant TransUnion LLC and/or Defendant Navy Federal Credit Union conducted even a negligent reinvestigation, it is more likely than not that the inaccurate and incomplete information would have been corrected or deleted from Plaintiff's consumer report.

53. Upon information and belief, Defendant TransUnion LLC and Defendant Navy Federal Credit Union maintain policies, practices, customs, or procedures that resulted in their failure to conduct a reasonable reinvestigation of Plaintiff's disputes

54. Defendant TransUnion LLC willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports and credit file as required by the Fair Credit Reporting Act.

55. Defendant TransUnion LLC willfully failed to maintain reasonable procedures designed to prevent Plaintiff's consumer reports from containing inaccurate, incomplete, misleading, or unverifiable information concerning Plaintiff's account.

56. As a direct result of Defendant TransUnion LLC's failure to maintain and follow reasonable procedures, inaccurate, incomplete, misleading, and/or unverifiable information concerning Plaintiff's account remained on Plaintiff's consumer reports.

57. Plaintiff requested a complete disclosure of her consumer file from Defendant Trans Union LLC pursuant to 15 U.S.C. § 1681g. Upon information and belief, Defendant Trans Union LLC failed to disclose all of Plaintiff's consumer file and all information contained within its files relating to Plaintiff.

58. Upon information and belief, Defendant Trans Union LLC knows that a complete file disclosure required by 15 U.S.C. § 1681g includes all information in the consumer's file and is not limited to the information appearing in a consumer report or credit report.

59. The disclosure Plaintiff received from Defendant Trans Union LLC contained information concerning Plaintiff's credit accounts; however, many of the account numbers were omitted or partially obscured. As a result, Plaintiff was unable to compare the disclosed information with her own records, account statements, and loan origination documents, making it difficult to verify the accuracy and completeness of the information maintained by Defendant Trans Union LLC, to monitor the disclosure of her consumer information to third parties, and to determine whether her identity or credit information had been misused.

60. The Federal Trade Commission has stated that "it is our view that a CRA that always scrambles or truncates account (or Social Security) numbers does not technically comply with Section 609 [15 U.S.C. § 1681g] because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file."[1]

61. Upon information and belief, Plaintiff's creditors furnish complete account numbers to Defendant TransUnion LLC.

62. The file disclosure provided by Defendant Trans Union LLC did not include the First Date of Delinquency for Plaintiff's account. As a result, Plaintiff was unable to determine when the adverse information would become obsolete under the Fair Credit Reporting Act and was therefore unable to effectively monitor whether obsolete derogatory information continued to be disclosed to third parties.

63. Upon information and belief, Plaintiff's creditors furnish the First Date of Delinquency for Plaintiff's accounts to Defendant TransUnion LLC.

64. Defendant TransUnion LLC knows that furnishers may omit or withhold payment information when furnishing data to consumer reporting agencies, which can result in

---

[1] FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000)

inaccurate or misleading information appearing in consumers' credit files and consumer reports.[2]

65. Defendant TransUnion LLC regularly receives consumer complaints submitted to the Consumer Financial Protection Bureau and is frequently sued for the exact behavior described in the foregoing paragraphs.

66. A 2004 study by the nonprofit consumer advocacy organization Consumer Reports (est. 1936) revealed that 44% of respondents who were able to obtain and review their credit reports found at least one error. The report further found that credit reporting errors have increased significantly in recent years, with approximately 645,000 complaints submitted to the Consumer Financial Protection Bureau in 2023, compared to approximately 308,000 complaints in 2021.[3]

67. Defendant Navy Federal Credit Union is reporting Plaintiff's account with incomplete information and facially contradictory information, rendering the reporting incomplete, inaccurate, and misleading. Although the account may have been charged off, Defendant Navy Federal Credit Union remains obligated under the Fair Credit Reporting Act to report all remaining account information accurately and completely. By failing to do so, Defendant Navy Federal Credit Union has caused and continues to cause harm to Plaintiff.

68. As a direct and proximate result of Defendant Navy Federal Credit Union's failure to report Plaintiff's account accurately and completely, Plaintiff has suffered damages, including frustration, embarrassment, anxiety, and emotional distress. Plaintiff has lost confidence in

---

[2] [L]enders intentionally withhold positive payment histories or reporting data from the CRAs for accounts they otherwise report. Mortgage lenders and credit card issuers sometimes do so for strategic reasons. Their objective is to shield their customers from competing lenders who might otherwise solicit them. This practice, which was especially common among subprime lenders, results in consumer reports that do not accurately reflect the positive payment histories for borrowers, especially high-interest borrowers in the subprime market.
Fed. Trade Comm'n, Report to Congress Under Sections 318 and 319 of the Fair and Accurate Credit Transactions Act of 2003 82 (2004), available at https://www.ftc.gov.

[3] https://advocacy.consumerreports.org/wp-content/uploads/2024/04/Credit-Checkup_- Improving-the-Accuracy-of-Credit-Reports.pdf

the accuracy and reliability of the consumer reporting system and has been deprived of the ability to fully utilize her credit in the event of an emergency or for other legitimate purposes.

69. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to emotional distress, frustration, embarrassment, anxiety, inconvenience, and loss of the full use and benefit of her credit.

70. Plaintiff has been unable to secure more affordable housing and has been forced to continue paying higher rent because of the adverse information appearing on her consumer reports.

71. Plaintiff was recently married but was unable to afford a wedding ceremony or purchase a wedding ring for her husband because of her financial circumstances and inability to utilize her credit. This has caused Plaintiff significant emotional distress and humiliation.

72. Plaintiff recently welcomed a newborn child and has been unable to utilize her credit to purchase necessary supplies and other items for her child. As a result, Plaintiff has experienced additional stress, anxiety, frustration, and emotional distress.

73. Plaintiff has also suffered loss of credit opportunities, loss of financial flexibility, and the inability to use her credit for legitimate personal and family needs.

**COUNT I VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681s-2(b)**

**[Against Defendant Navy Federal Credit Union]**

74. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

75. Upon information and belief, Defendant Trans Union LLC, Equifax, and Experian transmitted Automated Consumer Dispute Verification ("ACDV") forms, or their electronic equivalent, to Defendant Navy Federal Credit Union concerning Plaintiff's disputes. Receipt of those dispute notifications triggered Defendant Navy Federal Credit Union's duties under 15 U.S.C. § 1681s-2(b).

76. After receiving notice of Plaintiff's disputes from the consumer reporting agencies, Defendant Navy Federal Credit Union violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the disputed information, failing to review all relevant information provided by the consumer reporting agencies, and continuing to verify information that was inaccurate, misleading, and incomplete.

77. Specifically, Defendant Navy Federal Credit Union failed to reasonably investigate and correct the inaccurate last payment date and last payment amount, failed to investigate and restore the omitted payment history, balances, scheduled monthly payments, amounts paid, and past-due amounts for numerous months, failed to investigate the inconsistent reporting concerning the account's status and removal date, and failed to correct or update the inaccurate and incomplete information it continued to furnish concerning Plaintiff's account.

78. Defendant Navy Federal Credit Union further violated 15 U.S.C. § 1681s-2(b) by failing to report the results of a complete and accurate investigation to each consumer reporting agency to which it furnished information concerning Plaintiff's account, including failing to ensure that the account was accurately reported as disputed after receiving notice of Plaintiff's disputes.

79. Despite receiving notice of Plaintiff's disputes, Defendant Navy Federal Credit Union continued furnishing inaccurate, misleading, and incomplete information concerning Plaintiff's account, verified that information as accurate, and failed to modify, delete, or permanently block information that was inaccurate, incomplete, or could not be verified, as required by 15 U.S.C. § 1681s-2(b).

80. As a direct and proximate result of Defendant Navy Federal Credit Union's conduct, Plaintiff suffered actual damages, including but not limited to the denial of credit, damage to creditworthiness, damage to reputation, embarrassment, humiliation, emotional distress, frustration, anxiety, inconvenience, and other economic and non-economic damages as alleged throughout this Complaint.

81. Upon information and belief, the procedures followed by Defendant Navy Federal Credit Union in responding to Plaintiff's disputes through the e-OSCAR system were the procedures Defendant intended its employees and agents to follow.

82. Defendant Navy Federal Credit Union's conduct was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover actual damages and other relief pursuant to 15 U.S.C. § 1681o.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681e(b)**

**Against Defendant Trans Union LLC]**

83. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

84. Defendant TransUnion LLC violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer report. As a result, Defendant reported inaccurate, misleading, and incomplete information concerning Plaintiff's Navy Federal Credit Union account, including an inaccurate last payment amount, incomplete payment history, omitted balances, scheduled payments, amounts paid, past-due amounts, inconsistent account information, and other material inaccuracies and omissions described throughout this Complaint.

85. Despite receiving Plaintiff's dispute and having a statutory duty to ensure the maximum possible accuracy of the information it reported, Defendant Trans Union LLC continued reporting the inaccurate, misleading, and incomplete information without implementing reasonable procedures to detect, prevent, or correct the inaccuracies.

86. As a direct and proximate result of Defendant TransUnion LLC's conduct, Plaintiff suffered actual damages, including the denial of credit, damage to creditworthiness and

reputation, embarrassment, humiliation, emotional distress, frustration, anxiety, and other economic and non-economic damages as alleged throughout this Complaint.

87. Defendant TransUnion LLC's conduct was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover actual damages and other relief pursuant to 15 U.S.C. § 1681o.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681g(a)**

**[Against Defendant TransUnion LLC]**

88. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

89. Defendant TransUnion LLC violated 15 U.S.C. § 1681g(a) by failing to clearly and accurately disclose all information contained in Plaintiff's consumer file. As alleged herein, Defendant failed to provide a complete file disclosure by omitting material information, including the First Date of Delinquency, and by obscuring or truncating Plaintiff's account numbers, thereby preventing Plaintiff from fully reviewing and verifying the accuracy and completeness of the information maintained in her file.

90. Because Defendant TransUnion LLC failed to provide Plaintiff with a complete disclosure of her consumer file, Plaintiff was hindered in her ability to identify, investigate, and dispute inaccurate, misleading, and incomplete information appearing on her consumer report.

91. As a direct and proximate result of Defendant TransUnion LLC's conduct, Plaintiff suffered actual damages, including loss of credit opportunities, damage to creditworthiness and reputation, embarrassment, humiliation, emotional distress, frustration, anxiety, and other economic and non-economic damages as alleged throughout this Complaint.

92. Defendant TransUnion LLC's conduct was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant Trans Union

LLC's conduct was negligent, entitling Plaintiff to recover actual damages and other relief pursuant to 15 U.S.C. § 1681o.

**COUNT IV**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(1)**

**[Against Defendant TransUnion LLC]**

93. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

94. After receiving Plaintiff's disputes, Defendant TransUnion LLC violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate or incomplete. Rather than conducting a meaningful reinvestigation, Defendant continued reporting inaccurate, misleading, and incomplete information regarding Plaintiff's Navy Federal Credit Union account, including the inaccurate last payment information, incomplete payment history, omitted balances, scheduled payments, amounts paid, past-due amounts, and other material inaccuracies and omissions alleged throughout this Complaint.

95. Had Defendant TransUnion LLC conducted a reasonable reinvestigation, it would have discovered that the disputed information was inaccurate or incomplete and would have corrected or deleted the information as required by the Fair Credit Reporting Act. Instead, Defendant verified the disputed information without making the necessary corrections.

96. As a direct and proximate result of Defendant TransUnion LLC's conduct, Plaintiff suffered actual damages, including denial of credit, damage to creditworthiness and reputation, embarrassment, humiliation, emotional distress, frustration, anxiety, and other economic and non-economic damages as alleged throughout this Complaint.

97. Defendant TransUnion LLC's conduct was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover actual damages and other relief pursuant to 15 U.S.C. § 1681o.

**COUNT VI**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(4)**
**[Against Defendant Trans Union LLC]**

100. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

101. Defendant TransUnion LLC violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff during the reinvestigation of her disputes. Despite receiving information identifying the inaccuracies and omissions in Plaintiff's Navy Federal Credit Union account, Defendant failed to meaningfully evaluate that information and instead continued reporting inaccurate, misleading, and incomplete information, including the inaccurate last payment information, incomplete payment history, omitted balances, scheduled payments, amounts paid, past-due amounts, and other material inaccuracies alleged throughout this Complaint.

102. Had Defendant TransUnion LLC reviewed all relevant information as required by the Fair Credit Reporting Act, it would have determined that the disputed information was inaccurate or incomplete and would have corrected or deleted the information from Plaintiff's consumer file.

103. As a direct and proximate result of Defendant TransUnion LLC's conduct, Plaintiff suffered actual damages, including denial of credit opportunities, damage to creditworthiness and reputation, embarrassment, humiliation, emotional distress, frustration, anxiety, and other economic and non-economic damages as alleged throughout this Complaint.

104. Defendant TransUnion LLC's conduct was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover actual damages and other relief pursuant to 15 U.S.C. § 1681o.

**COUNT VII**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(5)(A)**

**[Against Defendant TransUnion LLC]**

105. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

106. Defendant TransUnion LLC violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete or modify information that was determined, or should have been determined through a reasonable reinvestigation, to be inaccurate, incomplete, or incapable of verification. Despite Plaintiff's disputes and the information available to Defendant, TransUnion LLC continued reporting inaccurate, misleading, and incomplete information regarding Plaintiff's Navy Federal Credit Union account, including inaccurate last payment information, incomplete payment history, omitted balances, scheduled payments, amounts paid, past-due amounts, and other material inaccuracies and omissions alleged throughout this Complaint.

107. Rather than deleting or modifying the disputed information as required by the Fair Credit Reporting Act, Defendant TransUnion LLC verified the information as accurate and allowed the inaccurate and incomplete reporting to remain on Plaintiff's consumer report.

108. As a direct and proximate result of Defendant TransUnion LLC's conduct, Plaintiff suffered actual damages, including denial of credit opportunities, damage to creditworthiness and reputation, embarrassment, humiliation, emotional distress, frustration, anxiety, and other economic and non-economic damages as alleged throughout this Complaint.

109. Defendant TransUnion LLC's conduct was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover actual damages and other relief pursuant to 15 U.S.C. § 1681o.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants Trans Union LLC and Navy Federal Credit Union and award the following relief:

a. Actual damages in an amount to be determined at trial;
b. Statutory damages as permitted by the Fair Credit Reporting Act;
c. Punitive damages for Defendants' willful violations of the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681n;
d. Costs of this action, if applicable, pursuant to 15 U.S.C. §§ 1681n and 1681o;
e. Pre-judgment and post-judgment interest as permitted by law;
f. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 10.09., 2026

R. A

Rickii Alexander
840 Sparkleberry Lane, Apt. 1714
Columbia, SC 29229
alexanderrickii@yahoo.com
Plaintiff, Pro Se